**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MESSER LLC,

                Plaintiff,

v.                                  CIVIL ACTION NO.  2:25-cv-00106

JEFFREY WILLIAM JEFFERS, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Jeffrey William Jeffers's Motion to Stay Proceedings Pending Criminal Investigation, [ECF No. 36]. Plaintiff Messer LLC responded and represented that it does not oppose the stay of these proceedings pending resolution of the related criminal investigation, but requests (1) an extension of existing discovery-related deadlines and (2) permission to pursue and litigate a motion for prejudgment attachment notwithstanding any stay entered by the court. [ECF No. 38]. For the reasons that follow, the Motion is **GRANTED**.

**I.     BACKGROUND**

On February 20, 2025, Plaintiff instituted this action against Defendants Jeffrey William Jeffers and John Doe(s), alleging conversion and unjust enrichment. *See generally* [ECF No. 1]. Plaintiff, a privately-held industrial gas company, alleges that Defendant Jeffers misappropriated approximately $474,431.33 from Plaintiff through fraudulent charges on company credit cards between November 2022 and July 2024. *Id.* at ¶¶ 9, 17. According to the Complaint, approximately 900 fraudulent transactions were charged to five Fuelman credit cards registered to Plaintiff, most of which were described as "Fuel Adjustments." *Id.* Plaintiff claims that Defendant, while

employed as a tractor operator for Plaintiff, unlawfully converted company property by charging these amounts to Fuelman credit cards and was unjustly enriched by this conduct. *Id.* at ¶¶ 23–27.

On June 6, 2025, Defendant filed his Answer denying all allegations of wrongdoing. [ECF 8, at ¶¶ 23–27.] Defendant asserts multiple affirmative defenses, including that the Fuelman cards at issue were, at all relevant times, available to him and used consistent with Plaintiff's policies and practices. *Id.* at 5–7. Defendant further denies engaging in any fraudulent scheme or improper conduct during his employment and maintains that he lawfully possessed and used Plaintiff's property within the scope of his employment. *Id.*

Approximately three months into this litigation, federal agents appeared at Defendant's residence, served a Target Letter, and seized personal property believed to have been purchased using funds at issue in this case. [ECF No. 37, at 2]. Both parties represent that a federal criminal investigation is now underway concerning "the same time period, the same credit cards, the same alleged fraudulent transactions, and the same alleged amount of misappropriated funds" as those underlying this civil action. *Id.*; [ECF No. 38, at 2–3 ¶ 2].

Although no indictment has yet been returned, Defendant has invoked his Sixth Amendment right to counsel and has been appointed a federal public defender in the Southern District of West Virginia. [ECF No. 37, at 2 n.1]. Defendant's criminal counsel anticipates that an indictment is forthcoming. *Id.*

## II.    LEGAL STANDARD

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The decision to grant or deny a stay

2

therefore rests within the sound discretion of the district court and requires the court to "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis*, 299 U.S. at 254).

Although civil proceedings may proceed concurrently with criminal investigations, "'the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings.'" *Universal Elections*, 729 F.3d at 379 (quoting *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D. W. Va. 2005) (Copenhaver, J.)). "Stays will generally not be granted before an indictment issues." *Id.* at 531 n.3 (internal quotation marks omitted). Nevertheless, courts have granted a stay prior to indictment where there is "an active parallel criminal investigation," particularly where the civil defendant is a target of that investigation or indictment is imminent. *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (granting stay where defendants were targets of investigation and subject to subpoenas and search warrants); *see also Doe v. City of Gauley Bridge*, No. 2:21-cv-00491, 2022 WL 16554698, at *2 (S.D. W. Va. Oct. 31, 2022) (Johnston, J.) (collecting cases).

In determining whether a stay is warranted, courts within the Fourth Circuit have applied a multi-factor balancing test. *See, e.g.*, *Ashworth*, 229 F.R.D. at 530; *Doe*, 2022 WL 16554698, at *2–3. Although the Fourth Circuit has not adopted a single controlling framework, courts frequently rely on the factors articulated in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995), which include:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil

3

litigation;  and  (5)  the  interest  of  the  public  in  the  pending  civil and criminal litigation.

*Ashworth*, 229 F.R.D. at 530 (citing *Keating*, 45 F.3d at 325).

In addition to these factors, courts also consider the degree of overlap between the civil and criminal matters and whether the proceedings "involve substantially similar issues." *Doe*, 2022 WL 16554698, at *3 (quoting *Ashworth*, 229 F.R.D. at 531); *see also Blanda v. Martin & Seibert, L.C.*, No. 2:16-cv-0957, 2017 WL 63027, at *3 (S.D. W. Va. Jan. 5, 2017) (Copenhaver, J.) (applying the six factors). Significant factual overlap increases the risk of prejudice to a defendant's Fifth Amendment rights and weighs in favor of a stay. *Doe*, 2022 WL 16554698, at *3. Accordingly, I consider these six factors in determining whether a stay is warranted in this matter.

### III.    DISCUSSION

#### A.  *Application of Relevant Factors*

##### 1.  Relatedness

The first factor weighs strongly in favor of a stay. This civil action and the criminal investigation involve substantially identical factual allegations. Both proceedings concern the same alleged misuse of Plaintiff's Fuelman credit cards, the same operative period, the same alleged fraudulent transactions, and the same approximate amount of alleged loss. [ECF No. 37, at 3–4]. Defendant represents—and Plaintiff does not dispute—that federal authorities have identified Defendant as a target of an ongoing criminal investigation arising from the conduct alleged in this action. [ECF No. 38, at 1 ¶ 2]. Federal agents have already served a Target Letter and executed a seizure of personal property allegedly purchased with funds at issue in this litigation. [ECF No. 37, at 2]. Because the factual overlap here is nearly complete, discovery in both matters would necessarily involve substantially the same witnesses, testimony, documents,

4

financial records, and underlying transactions. Accordingly, this factor weighs heavily in favor of a stay.

### 2. Plaintiff's Interest

Plaintiff's interest in proceeding expeditiously is comparatively limited under the circumstances. Plaintiff expressly represents that it does not oppose the stay of proceedings pending resolution of the related criminal investigation. [ECF No. 38, at 3 ¶ 7]. Rather, Plaintiff suggests that the existing discovery-related deadlines must be extended regardless of the court's ruling on Defendant's Motion because, absent such relief, Plaintiff may suffer prejudice in conducting evidentiary development, prosecuting its claims, and defending against Defendant's pending counterclaims. *Id.*

I find that a temporary stay adequately addresses those concerns. A stay would operate to suspend existing deadlines and preserve the parties' ability to resume litigation following developments in the related criminal matter. If necessary, a new scheduling order will be entered upon lifting of the stay. Accordingly, this factor favors a stay.

### 3. Defendant's Interests

Defendant's interests strongly favor a stay. Defendant contends that, absent a stay, he faces a difficult dilemma: "If Defendant answers civil discovery fully to defend himself, those answers may supply a roadmap for criminal investigators or become evidence in a later prosecution." [ECF No. 37, at 5]. "Conversely, if Defendant invokes the Fifth Amendment privilege to avoid self-incrimination, the factfinder in this civil case may draw adverse inferences from his refusal to testify in response to probative evidence." *Id.* at 6.

"The prevailing rule is that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against

5

them: the Amendment does not preclude the inference where the privilege is claimed by a party to a civil cause." *Morley v. Cohen*, 888 F.2d 1006, 1012 (4th Cir. 1989) (citation modified) (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). Continued participation in discovery would likely require Defendant either to invoke the Fifth Amendment privilege repeatedly or to provide testimony and discovery responses bearing directly on matters under federal criminal investigation. Courts have recognized that such circumstances impose a substantial burden on a civil defendant. *See, e.g.*, *Ashworth*, 229 F.R.D. at 531–32 (recognizing that civil defendants may be forced to "disclose matters that otherwise would not be available to the United States through the criminal rules of procedure").

Though not yet indicted, Defendant has allegedly received a Target Letter, federal authorities have seized property connected to the investigation, counsel has been appointed in connection with anticipated criminal proceedings, and Defendant's criminal counsel represents that indictment is forthcoming. Under these circumstances, proceeding with discovery presents a substantial risk of prejudice to Defendant's constitutional rights. This factor therefore weighs in favor of a stay.

### 4.  Convenience to the Court

A temporary stay also promotes judicial economy inasmuch as "the resolution of the criminal case may later streamline discovery in the civil case." *Ashworth*, 229 F.R.D. at 532. Proceeding simultaneously with expansive civil discovery while a parallel criminal investigation is actively progressing could generate repeated discovery disputes over privilege assertions, motions to compel, protective orders, and related issues. A stay avoids piecemeal litigation and reduces the likelihood of inconsistent rulings across the parallel matters.

Moreover, "[i]f Defendant is convicted in the criminal matter, the doctrine of collateral estoppel may resolve many or all of the issues in this civil case, potentially eliminating the need

for a civil trial entirely." [ECF No. 37, at 7]. "If Defendant . . . is acquitted in the criminal matter, the resolution of the criminal case will clarify whether Defendant can testify freely in the civil case and will reduce privilege-driven inefficiencies." *Id.*  Thus, I find this factor modestly favors a stay.

### 5.  Third Party Interests

Defendant states he is "not aware of any non-party who would be materially affected by the stay of civil proceedings," but further observes that "[t]o the extent that the testimony in the criminal trial may streamline depositions in the civil case, the interests of non-parties, including witnesses, is better served by allowing the criminal matter to proceed first." [ECF No. 37, at 7–8]. I have not identified any meaningful prejudice to non-parties resulting from a temporary stay. To the extent witnesses overlap between the civil and criminal matters, their participation in the criminal proceedings may streamline any subsequent civil discovery, thereby promoting efficiency rather than increasing burden. This factor is therefore neutral.

### 6.  The Public Interest.

The public maintains an interest in the prompt resolution of both civil disputes and criminal matters. *See Blanda*, 2017 WL 63027 at *8. Under the present circumstances, I find the public interest would be better served by permitting the criminal investigation to proceed without the potential complications attendant to overlapping civil discovery. *See Ashworth*, 229 F.R.D. at 532.

Having considered the weight of relevant factors, I conclude that a temporary stay is warranted.

### B.  Scope of the Stay

The remaining question concerns the appropriate scope of the stay. Plaintiff requests permission to continue litigating a forthcoming motion for prejudgment attachment notwithstanding any stay entered by the court. [ECF No. 38, at 3 ¶ 9]. Defendant, however, seeks a complete stay of proceedings. [ECF No. 37, at 1].

7

I conclude that a complete but limited stay of merits litigation and discovery is appropriate. Litigation of a prejudgment attachment motion would likely require factual development concerning the very conduct presently under criminal investigation. *See* Fed. R. Civ. P. 64; W. Va. Code §§ 38-7-1, -2. Permitting such motion practice to move forward would substantially undermine the purpose of the stay and would risk placing Defendant in the precise constitutional dilemma the stay is intended to avoid.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay Proceedings Pending Criminal Investigation, [**ECF No. 36**], is **GRANTED**. It is hereby **ORDERED** as follows:

1. This action is **STAYED** in its entirety for **ninety (90) days** from the entry of this Order;

2. All discovery obligations, scheduling deadlines, and merits-related proceedings are **STAYED** during that period;

3. The current Scheduling Order, [**ECF No. 19**], is hereby **VACATED**, and the court will enter a new Scheduling Order, if necessary, upon lifting of the stay;

4. The parties shall file a joint status report every **thirty (30) days** advising the court of the status of the criminal investigation and whether continued stay is warranted; and

5. Any party may move to lift, extend, or modify the stay upon a material change in circumstances, including the return of an indictment or the conclusion of the related criminal investigation.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:        May 12, 2026

8

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE